**SALA SCRATCH, Plaintiff**

**v.**

**SE'I SUA, PEPE SUA, and Son, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 6-92

October 23, 1992

Before KRUSE, Chief Justice.

Counsel: For Plaintiff, Gata E. Gurr
 For Defendants, Charles V. Ala'ilima

On Motion for Relief from Judgment:

Defendants move for relief from judgment on the grounds of excusable neglect pursuant to T.C.R.C.P. Rule 60(b). By way of background, we noted the following in our Decision and Order filed in the above-entitled matter on August 28, 1992:

> This matter was set for trial on July 23, 1992. On the day of trial, plaintiff appeared with her counsel Gata Edwin Gurr; neither the defendants nor their counsel of

20

record, Fai'ivae A. Galea'i, appeared. We noted on file, however, a letter from counsel Fai'ivae's office dated July 10, 1992, requesting the clerk to reschedule trial to another date. The letter, which was not filed until July 17, 1992, states that Se'i Sua was seeking medical attention in the United States and that counsel Fai'ivae was unavailable owing to a family emergency in the United States. We apprised counsel of the contents of the letter and he objected to a continuance; he advised that his client was prepared for trial and that he had no prior notice of the letter request from Fai'ivae's office.

22 A.S.R.2d 53, 54 (Land & Titles Div. 1992). We sustained plaintiff's objection to a continuance after also noting that:

> T.C.R.C.P. Rule 7(b)(1) requires, inter alia, that "[a]n application to the *court* for an order shall be by *motion* . . . ," and T.C.R.C.P. Rule 6(d) requires, inter alia, that "[a] written motion . . . and *notice* of the hearing thereof shall be served not later than 10 days before the time specified for the hearing."

22 A.S.R.2d at 54 n.2.

Defendants' principal argument for relief is that they should not be penalized for the failings of their former counsel.[1] After carefully considering the evidence, the arguments of counsel, and the matters on file, we hold that defendants' former counsel's inexplicable failure to properly seek a continuance of trial, on the grounds that one of the defendants was seeking medical treatment, is not excusable neglect within Rule 60(b). As noted by the Supreme Court in *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962):

---

[1] Although counsel Fai'ivae's letter of July 10, 1991, states that his client Se'i Sua was off-island seeking medical attention, the evidence presented in Mr. Sua's motion for relief from judgment shows that Mr. Sua was not transported off-island until July 28, 1991, and that he was thus actually on-island during the date of trial. Mr. Sua was treated at Tripler Army Medical Center in Honolulu, Hawaii, for kidney stones.

There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can charged upon the attorney." *Smith v. Ayer*, 101 U.S. 320, 326 (1879).

Motion for T.C.R.C.P. Rule 60(b) relief from judgment is denied.

It is so ordered.